NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
DANIEL S. LIM (Cal. Bar No. 292406)
Assistant United States Attorney
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3538
    Facsimile: (714) 338-3708
    E-mail:    Daniel.Lim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>DIONNA DONALD,<br><br>        Defendant. | SA CR No. 18-148-JVS<br><br>GOVERNMENT'S SENTENCING POSITION FOR DIONNA DONALD; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Sentencing Date: October 26, 2020<br>Time: 10:30 a.m.<br>Before: Honorable James V. Selna |
|---|---|

Plaintiff United States of America (the "government"), by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Daniel S. Lim, hereby files its position regarding an appropriate sentence for defendant Dionna Donald.  The government's position is

///

///

///

based upon the attached Memorandum of Points and Authorities, the files and records in this case, as well as any evidence or argument that the Court may wish to consider at the hearing on this matter.

Dated: October 12, 2020            Respectfully submitted,

                                             NICOLA T. HANNA
                                             United States Attorney

                                             BENJAMIN R. BARRON
                                             Assistant United States Attorney
                                             Chief, Santa Ana Branch Office

                                                    /s/ *Daniel S. Lim*
                                             DANIEL S. LIM
                                             Assistant United States Attorney

                                             Attorneys for Plaintiff
                                             UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On December 12, 2019, defendant DIONNA DONALD ("defendant") pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344(2), as alleged in the six-count indictment. [Dkt. Nos. 1, 20, 24.]

The Presentence Investigation Report [Dkt. No. 26 ("PSR")], determined that defendant, with a total offense level of 16 and criminal history category of I, has a Guidelines range of 21 to 27 months.

The government has no objections to the PSR's offense level calculations.  However, the government seeks a 1-level variance -- resulting in a total offense level of 15 and a Guidelines range of 18 to 24 months -- and recommends a low-end sentence of no higher than 18 months' imprisonment.

**II.  FACTS**

Beginning no later than March 18, 2014, and continuing to at least on or around April 23, 2015, defendant knowingly and with the intent to defraud, devised, participated in, and executed a scheme to obtain money owned by and in the custody and control of MUFG Union Bank, N.A. ("Union Bank") by means of material false and fraudulent pretenses, representations, and promises, and the concealment of facts.

In carrying out the scheme, defendant -- who was at all times listed below employed as the Office Manager at Pirahna Products (the "company"), located in Huntington Beach, California -- committed the following acts:

- From approximately March 18, 2014 to April 23, 2015, defendant deposited into her personal Union Bank account

       company checks that: (1) were signed by the company's president for other, business-related purposes; or (2) contained the forged signature of the company's president;

- To conceal her actions and avoid detection, defendant would void in the company computer systems: (1) the checks that were fraudulently deposited into her personal Union Bank bank account; or (2) checks that were sequentially close in check number to, and had the same monetary amount as, those checks that were fraudulently deposited into her personal Union Bank bank account; and
- Defendant would cash a portion of the amount listed on the checks at the same time that she fraudulently deposited them into her personal Union Bank bank account.

By devising, executing, and participating in this scheme, defendant fraudulently cashed and/or deposited into her personal bank account company checks in the approximate amount of $221,931.85.  As a result, Union Bank suffered approximately $221,931.85 in losses. Specifically: (1) on or about December 2, 2014, defendant fraudulently and without company authorization cashed out $2,300 of a Bank of America company check, numbered 21851 and in the amount of $3,641.51, before depositing the remainder into defendant's Union Bank checking account ending in 9941; (2) on or about December 16, 2014, defendant fraudulently and without company authorization cashed out $1,820 of a Bank of America company check, numbered 21906 and in the amount of $4,207.74, before depositing the remainder into defendant's Union Bank checking account ending in 9941; (3) on or about December 22, 2014, defendant fraudulently and without company

2

authorization cashed out $3,000 of a Bank of America company check, number 21929 and in the amount of $4,207.74, before depositing the remainder into defendant's Union Bank checking account ending in 9941; (4) on or about December 26, 2014, defendant fraudulently and without company authorization cashed out $3,100 of a Bank of America company check, numbered 21971 and in the amount of $3,595.39, before depositing the remainder into defendant's Union Bank checking account ending in 9941; and (5) on or about February 26, 2015, defendant fraudulently and without company authorization cashed out $2,100 of a Bank of America company check, numbered 22272 and in the amount of $3,131.44, before depositing the remainder into defendant's Union Bank checking account ending in 9941.

[Dkt. No. 20 at 69.]

### III.   POSITION RE: PSR

####   A.   Government's Position Re: PSR

The government agrees with Probation that: the base offense level is 7, a 10-level enhancement applies due to the loss amount being over $150,000, a 2-level enhancement applies for defendant's abuse of her employer's trust in a maner that significantly facilitated her fraud, and a 3-level reduction applies for defendant's acceptance of responsibility.  (PSR ¶¶ 21-33.)  However, the government argues for a 1-level Booker variance, for a total offense level of 15.

### IV.   POSITION RE: SENTENCING FACTORS

The government respectfully recommends that the Court impose: an 18-month period of imprisonment; 3 years' supervised release; and a restitution order in the amount of $221,931.85, as noted in Probation's Recommendation [Dkt. No. 25 at 1].

3

The government's recommended sentence is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

### A. Nature, Circumstances, and Seriousness of the Offenses

The Court must consider the nature, circumstances, and seriousness of the offenses. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). Defendant embezzled over $200,000 from her employer after lying to him and forging his signatures on checks. (PSR ¶ 10-17.) The bank fraud and identity theft conduct warrants a meaningful sentence.

### B. Defendant's Criminal History, Deterrence, Respect for the Law, and Protection of Public

The Court must additionally consider: the history and characteristics of defendant; the need to promote respect for the law, afford adequate deterrence, and protect the public from defendant's further crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(C).

Defendant is in Criminal History Category I, with 0 points. She has a dated conviction for attempting to purchase controlled substances, and was arrested for possession and spousal battery. (PSR ¶¶ 38, 41-41.) While defendant has little to no criminal history, her surreptitious actions, including stealing money from her employer and using his means of identification to defraud a bank, require a meaningful sentence to deter her and promote respect for the law.

### C. *Booker* Variance

Defendant suffers from addiction issues, which likely played a role in her criminal behavior. (Ex. 1; PSR ¶¶ 57-58.) Furthermore, and relatedly, defendant suffers from various medical conditions that likely contributed to her unhealthy dependence on controlled substances. (PSR ¶ 53-54.) While these circumstances do not absolve

4

defendant of liability, they do create a vicious cycle that is unaccounted for in the Guidelines and is cause for a small variance.

**V.    CONCLUSION**

For the forgoing reasons, the government respectfully requests that this Court sentence defendant to: no higher than 18 month's imprisonment; a special assessment of $100; three years' supervised release; and a restitution order in the amount of $221,931.85.